Opinion issued January 5, 2006
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NOS. 01-04-00045-CR
          01-04-00052-CR
  __________
 
RICKEY NEAL WHITE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from County Court Number 2
Galveston County, Texas
Trial Court Cause Nos. 228,587 and 228,590
 

 
 
O P I N I O N
           A jury found appellant, Rickey Neal White, guilty of criminal trespass and
obstructing highway passage, and the trial court sentenced him to 180 days in jail on
each cause, to run concurrently. In four points of error, appellant contends that (1)
the trial court erred by limiting voir dire to 30 minutes, (2) the trial court erred in
consolidating the offenses, (3) the State failed to prove the identity of the
complainant, and (4) his trial counsel was ineffective. We affirm.
           Background
          Gary Nguyen, a convenience store owner, testified that, on numerous
occasions, he had told appellant not to enter his store. In 2003, Nguyen had called
the police between 10 and 20 times to report appellant’s behavior. Nguyen testified
that appellant scares him because appellant has threatened to “kick [his] butt.” 
Appellant had been given a criminal trespass warrant, and the police had instructed
Nguyen to call them if appellant attempted to enter the store. Despite these warnings,
on November 3, 2003, appellant entered Nguyen’s store. Nguyen asked him to leave,
and he left the store, but he “hang [sic] around the front of [the] store asking people
for money. People were afraid to come to [the] store.” Nguyen called the police.
          Officer M. Sollenberger with the Galveston Police Department testified that she
received a call that “there was a transient that was asked earlier in the evening to
leave the premise [sic] and he had returned and was aggressively panhandling
customers inside.” When Officer Sollenberger arrived, Nguyen told her that appellant
had left the premises, and he described appellant to Sollenberger and identified him
by name. While Sollenberger was looking for appellant in the area around the store,
a man flagged her down in the street and told her that he had just been “flashed” by
a man who resembled the description that Nguyen had given her of appellant.



          Sollenberger testified that she continued to drive in pursuit of appellant. She
apparently passed him without seeing him because, the first time she saw him, she
saw him in her rearview mirror of her car, and he was chasing after her on foot. He
was running in the middle of the street, yelling, “Come back here you fucking bitch. 
Come back here.” Sollenberger testified that she was familiar with appellant and
knew he could be aggressive, so she radioed another unit to assist her. Appellant
chased her car in the middle of the street for 75 yards and finally stopped in an
intersection after Sollenberger did a U-turn so that she would be facing him. Officer
Sollenberger testified that she could have reached out her car window and touched
appellant while she was driving. It was “definitely” hazardous for him to be running
in the street, despite the fact that there were no other cars on the road at the time.
          Sollenberger handcuffed appellant, and he was positively identified as the
“flasher” and the person who had entered Nguyen’s store. Appellant was charged
with criminal trespass and obstructing highway passage.
Voir Dire
          In point of error one, appellant argues that the trial court erred by not granting
sufficient time to conduct a proper voir dire examination.
          Here, the trial court stated that each side was allotted 30 minutes for voir dire. 
Appellant did not object. An appellate court must review the trial court’s ruling in
light of the arguments that were before the court at the time it ruled. See Tex. R. App.
P. 33.1; Dragoo v. State, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). By failing to
object to the voir dire time limit, appellant has waived the complaint on appeal. See
Taylor v. State, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996) (holding that, if
Taylor’s objection could not have been fairly construed as relating to the voir dire
restriction, then Taylor would have waived error). 
          We overrule point of error one.
Variance
          In point or error three, appellant contends that the State “failed to prove the
identity of the owner as alleged in the Information.” Specifically, appellant
complains that Gary Nguyen testified as the complainant, but the information
identifies the complainant as “Gary Nguyen/Galveston Food Store.”
          A prosecution violates due process when an information alleges one offense
but the State proves another. Stevens v. State, 891 S.W.2d 649, 649–50 (Tex. Crim.
App. 1995). The doctrine’s purpose is to avoid surprise, and for a variance to be
material, it must be such as to mislead the party to his prejudice. Id. Only a material
variance is fatal. Id. at 650. 
          Throughout his testimony, Nguyen referenced his store and his customers, and
he testified that he was the owner of the store, which was identified as the Galveston
Food Store. Accordingly, we hold that there was no material variance between the
proof and the information.
          We overrule point of error three.
          Ineffective Assistance of Counsel
          In point of error two, appellant argues that his trial counsel “failed to provide
effective representation.” Specifically, appellant contends that his trial counsel (1)
filed no motions on his behalf, (2) was unaware that he had already been examined
and found to be competent when she requested that he be examined, (3) failed to call
any witnesses on his behalf, (4) failed to seek a directed verdict after the evidence
was insufficient to properly identify the victim and to prove the venue of the offense,
(5) failed to object to the 41 prior misdemeanor convictions presented at the
punishment phase of trial, (6) failed to tender a proposed jury charge, (7) during a
hearing, “answered a cell phone call and left the courtroom to talk with the caller after
which the Court found her in contempt and fined her $100,” and (8) conceded her
own ineffectiveness in a brief filed with this Court.


 
          The right of an accused in a criminal proceeding to the effective assistance of
counsel is guaranteed by both the Constitutions of the United States and of Texas. 
U.S. Const. amend. VI; Tex. Const. art. I, § 10; Ex Parte Prejean, 625 S.W.2d 731,
733 (Tex. Crim. App. 1981). The right extends to both trial and appeal. Gideon v.
Wainwright, 372 U.S. 335, 344, 83 S. Ct. 792, 796–97 (1963); Buntion v. Harmon,
827 S.W.2d 945, 948 (Tex. Crim. App. 1992). The standard of review for evaluating
claims of ineffective assistance of counsel is set forth in Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Appellant must show that (1)
counsel’s performance was so deficient that he was not functioning as acceptable
counsel under the Sixth Amendment and (2) but for the counsel’s error, the result of
the proceedings would have been different. Id. at 687, 104 S. Ct. at 2064. 
          While the record in this case is replete with examples of trial counsel’s
ineffectiveness, the record is also full of evidence supporting his conviction. 
Appellant cannot satisfy the second Strickland prong—but for the counsel’s error, the
result of the proceedings would have been different. See id. at 687, 104 S. Ct. at
2064. The record does not support a finding that, but for counsel’s error, the outcome
would have been different, and appellant fails to even make an argument that he was
harmed.
          We overrule point of error two.
Consolidation
          In point of error four, appellant asserts that the trial court erred “in allowing the
consolidation of more than one offense by the appellee on the day of trial over
objection of appellant.”
          When the State elects to consolidate prosecution of multiple offenses arising
out of a single criminal episode, “the defendant shall have a right to a severance of
the offenses.” Tex. Pen. Code Ann. § 3.02 (Vernon 2003); Ex parte McJunkins, 954
S.W.2d 39, 42 (Tex. Crim. App. 1997). A trial court’s failure to sever despite a
defendant’s objection to joinder of cases is reversible error. See Warmowski v. State,
853 S.W.2d 575, 578 (Tex. Crim. App. 1993). The mandatory language of the Penal
Code invests absolute discretion in the defendant to make the decision. Id.
          Various potentialities for harm other than consecutive sentencing exist when
a defendant is denied the right to severance of offenses. The rule allowing severance
rests upon two legitimate concerns: (1) that the jury may convict a “bad man” who
deserves to be punished—not because he is guilty of the crime charged but because
of his prior or subsequent misdeeds; and (2) that the jury will infer that, because the
accused committed other crimes, he probably committed the crime charged. Llamas
v. State, 12 S.W.3d 469, 471–72 (Tex. Crim. App. 2000) (citing 2 Wayne R.
LaFave, Israel & King, Criminal Procedure Criminal Practice Series, 17.1(d)
(2d ed. Supp. 1999)).
          Relying on Warmowski, appellant contends that he need not show prejudice
resulting from the trial court’s ruling, and the error is not subject to a harmless error
analysis. While appellant accurately reflects the holding in Warmowski, he does not
accurately reflect the current state of the law. Four years after deciding Warmowski,
the Court of Criminal Appeals held that, except for certain federal constitutional
errors labeled by the United States Supreme Court as structural, no error, whether it
relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement,
is categorically immune to a harmless error analysis. Cain v. State, 947 S.W.2d 262,
264 (Tex. Crim. App. 1997). Consequently, “the language in Warmowski indicating
that severance error is never subject to a harm analysis is disavowed.” Llamas, 12
S.W.3d at 470.
          To judge the likelihood that harm occurred, appellate courts must consider
everything in the record, including all the evidence admitted at trial, the closing
arguments, and the jurors’ comments during voir dire. Id. at 471. In order to properly
conduct a harm analysis under Rule 44.2(b), an appellate court need only determine
whether or not the error affected a substantial right of the defendant. See Tex. R.
App. P. 44.2(b). To make this determination, appellate courts must decide whether
the error had a substantial or injurious affect on the jury verdict. The very process of
reaching this decision, is the performance of a Rule 44.2(b) harm analysis. Id. at 472
n.2.
          Here, the evidence of appellant’s two offenses was admissible as contextual
evidence. Same-transaction contextual evidence results when an extraneous matter
is so intertwined with the State’s proof of the charged crime that avoiding reference
to it would make the State’s case incomplete or difficult to understand. Rogers v.
State, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993). The purpose of admitting
extraneous evidence as same transaction contextual evidence is to put the instant
offense in context. Camacho v. State, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993);
Swarb v. State, 125 S.W.3d 672, 681 (Tex. App.—Houston [1st Dist.] 2003, pet.
dism’d).
          Officer Sollenberger’s testimony was necessary to explain how appellant was
arrested and presented to Nguyen for identification for the criminal trespass offense. 
Nguyen’s testimony was necessary to explain why Officer Sollenberger was
searching for appellant when she found him obstructing the roadway. Accordingly,
we hold that the consolidation of the offenses over appellant’s objection was
harmless.
          Further, the trial court’s error arguably benefitted appellant. When the accused
is found guilty of more than one offense arising out of the same criminal episode
prosecuted in a single criminal action, sentence for each offense for which he has
been found guilty shall be pronounced. Tex. Pen. Code Ann. § 3.03(a) (Vernon
1974). Such sentences shall run concurrently. Id.; see LaPorte v. State, 840 S.W.2d
412, 415 (Tex. Crim. App. 1992). Had they been tried in two different criminal
actions, appellant’s punishments could have been stacked. See Tex. Code Crim.
Proc. Ann. art. 42.08 (Vernon Supp. 2005). 
          We overrule point of error four.
Conclusion
          We affirm the judgment of the trial court.                                               
 
                                                   George C. Hanks, Jr.
                                                   Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.

Publish. See Tex. R. App. 47.2(b).